UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYCE CORLEY,<br><br>                      Plaintiff,<br><br>                      -against-<br><br>HARRY J. FARRELL; ANDREW O'CONNELL; LUCIA E. PAGANO; JAMES SLEVIN; JOHN CAPRA; ROBERT FARRELL; LISA VELLA; ROBERT STAHL; JAMES SHILLITTO; ANTHONY PEDAGNA; PAUL ALBANO; JOHN DOE #1; AND UWUA-ERISA ADMINISTRATOR, in their individual and official capacity as agents and representatives of the UTILITY WORKERS UNION OF AMERICA ("UWUA"); and its LOCAL UNION No. 1-2; affiliated with the AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS ("AFL-CIO"); MICHAEL STANISICH; MARY ADAMO; LORETTA VANACORE; CLAUDE TRAHAN; MICHAEL T. HAGGERTY; WALTER PANCHYN; HENRY DONG; ETWARIA S. SEENAUTH; FRANK CAMELLO; JOHN DOE #2; AND CONED-ERISA ADMINISTRATOR, in their individual and official capacity as officers, supervisors and management-employees of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,<br><br>                      Defendants. | 18-CV-0763 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff Royce Corley, currently incarcerated in F.C.I. Petersburg, appeared *pro se* and proceeded *in forma pauperis* (IFP). He brought this action under the Labor Management Relations Act ("LMRA"), the Labor Management Reporting and Disclosure Act ("LMRDA"), the Family and Medical Leave Act ("FMLA"), and New York law, alleging that his former employer violated the FMLA and breached the collective bargaining agreement between the employer and the union, and that the union breached its duty of fair representation.

A review of the Public Access to Electronic Court Records (PACER) system revealed that on June 16, 2016, Plaintiff filed an action in the United States District Court for the Eastern District of New York, suing the same Defendants and asserting the same claims raised in this complaint. *See Corley v. Farrell*, No. 16-CV-3367 (NGG) (SMG) (E.D.N.Y. Nov. 9, 2016). By Memorandum and Order dated July 18, 2016, Plaintiff's complaint in that case was dismissed for failure to state a claim, and Plaintiff was granted thirty days' leave to file an amended complaint. *Id.* at ECF No. 7. Rather than file an amended complaint, Plaintiff moved for reconsideration of the July 18, 2016 Memorandum and Order. By Memorandum and Order dated September 16, 2016, Plaintiff's motion was denied, but Plaintiff was granted a final opportunity to submit an amended complaint. *Id.* at ECF No. 10. After the time for Plaintiff to submit an amended complaint had elapsed, and Plaintiff had not submitted an amended complaint, on November 9, 2016, the Eastern District of New York directed the Clerk of Court to enter judgment dismissing Plaintiff's case. *Id.* at ECF. No. 12. By Mandate issued on April 4, 2017, Plaintiff's appeal was dismissed. *See Corley v. Farrell*, No. 16-3963 (2d Cir. Apr. 4, 2017).

Because Plaintiff sought to reassert the claims that were asserted and adjudicated in the Eastern District of New York action, by order dated May 9, 2018, the Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by the doctrine of *res judicata*. (ECF No. 7.) On May 21, 2019, Plaintiff filed a notice of appeal, and by Mandate issued on December 27, 2018, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal because "it lack[ed] an arguable basis in either law or fact." *See Corley v. Farrell*, No. 18-1570 (2d Cir. Dec. 27, 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On January 8, 2020, Plaintiff filed a motion and memorandum of law with exhibits, totaling 328 pages, challenging this Court's May 9, 2018 dismissal order.

The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussing the standard in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under Rule 60(b)(1)–(5) is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that

extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 11) is denied.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's case in this Court under docket No. 18-CV-0763 (CM) is closed, and Plaintiff has already sought relief in the Second Circuit Court of Appeals. If Plaintiff files other documents in this action that are frivolous or meritless, the Court will direct Plaintiff to show cause why he should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 14, 2020
        New York, New York

                                            COLLEEN McMAHON
                                    Chief United States District Judge